UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANDRA BERNARDINI,

        Plaintiff,

    -v-                                           03-CV-6072T
                                                        DECISION
SUNY BROCKPORT,                          and ORDER

        Defendant.
_____

On February 18, 2003, plaintiff, proceeding pro se filed a complaint alleging racial discrimination against her former employer SUNY Brockport. On March 6, 2003, the Court granted plaintiff's motion to Proceed In Forma Pauperis and directed the United States Marshal for the Western District of New York to effect service of the Summons and Complaint upon the defendant. The U.S. Marshal attempted service upon the defendant by mail on March 27, 2003 but, no acknowledgment from SUNY Brockport was ever received. On September 2, 2003, plaintiff requested an extension of time to serve the defendant which the Court granted to November 14, 2003. The U.S. Marshal again attempted to serve the defendant by mail on September 25, 2003, this time receiving a certified return receipt. Almost two years later, on September 6, 2005, SUNY Brockport moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process or in the alternative pursuant to Federal Rule of Civil Procedure

41 (b) for failure of the plaintiff to prosecute. Plaintiff has yet to respond to this motion.

Plaintiff is a pro se litigant who relied upon the U.S. Marshal to serve process on the defendant, however, service was not completed. In this case the court faces a difficult situation when a "litigant who is proceeding pro se fails to take the steps counsel would be expected to take in pursuing the action." Jones v. Bechtel, 788 F.2d 571, 573 (9th Cir. 1986). Because of this inherent inequity, courts have held that "pro se litigants are to be given special latitude." Armstrong v. Tucker, No. 97 Civ. 7388, 2000 U.S. Dist. LEXIS 2434, *5 (S.D.N.Y. Feb. 29, 2000). Moreover, "while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit adjudication of *pro se* claims on the merits, rather than to order dismissal on technical grounds." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

## CONCLUSION

Therefore, the U.S. Marshal is directed to personally and properly serve the defendant, SUNY Brockport. In view of the procedural history of this case, Patrick Solomon, Esq. is appointed as pro bono counsel to represent the plaintiff. In the event the plaintiff obtains a recovery, the court will determine Mr. Solomon's attorney fees. In the event of no recovery, Mr. Solomon

may submit a request for reimbursement of expenses from the District Court fund.

Defendant's motion to dismiss is denied without prejudice. An extension of time to serve the defendant is granted until March 11, 2006.

**SO ORDERED.**

```
                    _____S/ Michael A. Telesca_____
                            MICHAEL A. TELESCA
                         United States District Judge
```

Dated:    January 10, 2006
          Rochester, New York